Weider v. Overton.

---

WEIDER v. OVERTON ET AL.

1. **Judgment:** PRESUMPTION IN FAVOR OF.   It will be presumed that the
judgment of a court of general jurisdiction introduced in evidence is
valid, in the absence of proof to the contrary.

2. **Practice in the Supreme Court:** FAILURE TO PERFECT ABSTRACT.
Where the original abstract failed to properly present the evidence and
on motion all parts of the evidence were stricken out, whereupon leave
was given to appellant to perfect the record, and he, instead of filing an
amended abstract, simply filed a perfected transcript which contained
the evidence, *held*, that the evidence was not properly before the court
and could not be considered by it.

*Appeal from Des Moines Circuit Court.*

SATURDAY, DECEMBER 15.

ACTION upon an executor's bond.   The petition alleges that,
by the judgment of the District Court of Des Moines county,

the executor was charged with a *devastavit* and judgment rendered against him for the sum found due the estate. Defendants answered denying the *devastavit*, the judgment and the jurisdiction of the court rendering it, and averring that the action in the District Court had been settled. The cause was tried to the court without a jury and judgment rendered for plaintiff; defendants appeal.

*Stutsman & Trulock, Thos. Hedge* and *D. Y. Overton,* for appellants.

*Hall & Baldwin,* for appellee.

BECK, J.—I. The first error assigned by defendants calls in question the correctness of the admission in evidence, against 1. JUDGMENT: defendants' objection, of the decree of the District presumption in favor of Court. The ground of the objection is the want of jurisdiction of the court to render the judgment. All we have before us relating to this point of the case is the decree itself. It fails to show want of jurisdiction. We are not advised by the record of the character of the action, of the pleadings and issues therein, or of the names of the parties. We cannot be expected, upon so meagre showing, to pass upon the question of jurisdiction which involves the validity of a judgment of a court of general jurisdiction. Presumptions are to be exercised in favor of its validity.

II. The other errors assigned involve the correctness of the findings of facts and conclusions of law upon the evidence 2. PRACTICE submitted in this case to the Circuit Court; but in the supreme court: the evidence we have not before us. At the June failure to perfect abstract. term, 1875, of this court, plaintiff moved to strike from the records all parts of the bill of exceptions purporting to set out the evidence, on the ground that the testimony was not incorporated therein when signed, but referred to, with directions for its insertion; that the stenographer's notes and transcript of the evidence were never filed or certified to by the judge, and that the bill of exceptions, as it appears in the record, was made to exhibit the evidence by the unauthorized act of the clerk in copying an unauthenticated paper purport-

ing to be the stenographer's transcript of his notes, into the record sent to this court. This motion is directed against the abstract as well as record, and was sustained.

At the December term, 1875, a motion of defendants to perfect the record was sustained. Nothing has been done by defendants which was contemplated by this motion, and the record stands before us with the evidence stricken therefrom. As we are to view it after the order to strike was sustained, there is nothing to be found upon which we can consider the alleged errors assigned by defendants. The rulings of the court upon the several points touched by the assignment of errors are either not shown by the record as it now stands, or are not shown to be erroneous.

It is proper to remark here that the decree of the District Court, admitted in evidence, does not appear to have been connected with the stenographer's notes and transcript, but was introduced in evidence as a record, and is so referred to in the bill of exceptions. For this reason we have considered it under the first point of the opinion.

No other questions arise in this case. The judgment of the Circuit Court is

AFFIRMED.

### ON REHEARING.

BECK, J.—A petition for rehearing has been filed in this case. In order to show that the case was submitted to us in disregard of the rules of court, and to point out that an alleged mistake of the clerk did not lead to the conclusion announced in the opinion, certain facts connected with the case must be stated.

Upon motion of plaintiff, the parts of the transcript and abstract which present the testimony were stricken out by this court, June 9th, 1875. The defendants had leave to perfect the record, December 17th, 1875. When the cause was finally submitted, June 6th, 1877, the clerk reported that nothing had been done under the last order. It is now claimed that the clerk was mistaken in this report, and that the per-

fected transcript was filed January 10th, 1876. No perfected abstract was ever filed.

In the foregoing opinion it is stated that nothing had been done under the order to perfect the transcript. The statement was based upon the report of the clerk. But had the clerk reported that the amended or perfected transcript had been filed, the same result would have been reached as is announced. in our opinion. The defendant relied upon his original abstract; it fails to show that *all* the testimony is included therein. The points presented in defendant's argument involve but two questions, namely: 1. The jurisdiction of the District Court in a cause wherein a decree was entered charging defendant with a *devastavit*. The introduction of the decree in evidence was resisted on the ground that it was rendered without jurisdiction. 2. An accord and satisfaction, or settlement of plaintiff's claim. These questions involve facts which should be presented to us in the testimony used in the court below. Of course we must, in order to decide the questions, have *all* the testimony; but the abstract does not purport to give all the testimony. It will be seen that we cannot decide those questions upon this abstract.

The plaintiff presented no argument or abstract. We cannot presume he admitted that all the testimony is in the abstract. The appellee is never presumed to admit that all the testimony involved in questions that he does not argue is found in the abstract of the other party; this must be shown by the abstract itself. It will, therefore, be discovered that, had we been advised by the clerk that the perfected transcript had been filed, the judgment of the court below would still have been affirmed.

In the petition for rehearing counsel refer to facts found in the perfected transcript, in order to show that the decision should have been the other way. Our rules require causes to be submitted upon the abstracts. We do not read the transcripts unless there be a dispute about their contents. The trouble in this case has arisen from the fact that counsel have attempted to try the case upon the perfected transcript; while,

as required by our rules, we have determined it upon the printed abstract.

Counsel will find safety in obedience to the rules of this court. They are simple and need not be misunderstood. Their enforcement is necessary to insure the proper disposition of the business of the court. The petition for rehearing is

OVERRULED.